IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, § § *Plaintiff,* § § v. § § 0.1416 ACRES OF LAND, MORE OR § LESS, SITUATE IN WEBB COUNTY, § STATE OF TEXAS; AND ARMANDO § TREVINO § § *Defendants.* § | CASE NO.   5:20-CV-115 |

**JOINT DISCOVERY/CASE MANAGEMENT PLAN UNDER F.R.C.P. 26(f)**

1. **State when and in what manner the parties conferred as required by Rule 26(f), and identify the counsel and/or parties who participated in the conference.**

   Pursuant to Rule 26(f) Federal Rules of Civil Procedure, a conference was held via telephone on January 20, 2021. Armando Trevino attended on behalf of the Defendants and John A. Smith III, Assistant United States Attorney, attended on behalf of the Plaintiff.

2. **List by case number and court any cases related to this one that are pending in any state or federal court and describe how they are related.**

   None.

3. <u>**Briefly**</u> **describe what this case is about.**

   This is a civil action brought by the United States of America under the power of eminent domain through a Declaration of Taking at the request of the Secretary of the Department of Homeland Security, through the Acquisition Program Manager, Wall Program Management Office, U.S. Border Patrol Program Management Office Directorate, U.S. Border Patrol, U.S. Customs and Border Protection, Department of Homeland Security, for the taking of a temporary assignable easement beginning on the date possession is granted to the United States and ending 12 months later, consisting of the right of the United States, its agents, contractors, and assigns to enter in, on, over and across the land described in Schedule C of the Declaration of Taking to survey, make borings, and conduct other investigatory work needed to plan the proposed construction of border infrastructure.

4. **Specify the allegation of federal jurisdiction.**

   Plaintiff alleges the Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1358.

5. **Name the parties who disagree with the jurisdiction allegations and state their reasons.**

   None.

6. **List anticipated additional parties that should be included, when they can be added, and by which parties desire their inclusion.**

   None.

7. **List anticipated interventions.**

   None.

8. **Describe any class-action issues.**

   None.

9. **State whether each party represents that it has made the initial disclosures required by FRCP 26(a). If not, describe the arrangements that have been made to complete such disclosures.**

   Parties stipulate, pursuant to Rule 26(a)(1)(A), that initial disclosures are unnecessary in this condemnation action for a nonexclusive temporary easement.

10. **Describe the discovery plan proposed by the parties, including:**

    A. **Briefing deadline on just compensation de minimis value:**

       Briefing due 21 days after Initial Pretrial Conference

       Status Conference 30 days after Initial Pretrial Conference

    B. **What changes should be made in the timing, form or requirement for disclosures under Rule 26(a)?**

       If the Court finds that just compensation value is de minimis, then the parties stipulate that initial disclosures pursuant to Rule 26(a) are not necessary. If the Court finds that just compensation is not de minimis, then the parties stipulate to exchange initial disclosures within 30 days of the Court's ruling.

    C. **When and to whom the plaintiff anticipates it may send interrogatories?**

If the Court finds that just compensation value is de minimis, then the parties stipulate, pursuant to Federal Rule of Civil Procedure 29(b), that interrogatories are unnecessary in this right of entry case. If the Court finds that just compensation is not de minimis, then the plaintiff will send interrogatories within 30 days of the Court's ruling.

D. **When and to whom the defendant anticipates it may send interrogatories?**

If the Court finds that just compensation value is de minimis, then the parties stipulate, pursuant to Federal Rule of Civil Procedure 29(b), that interrogatories are unnecessary in this right of entry case. If the Court finds that just compensation is not de minimis, then the defendant will send interrogatories within 30 days of the Court's ruling.

E. **Of Whom and by when the plaintiff anticipates taking oral depositions?**

If the Court finds that just compensation value is de minimis, then the parties stipulate, pursuant to Federal Rule of Civil Procedure 29(b), that depositions are unnecessary in this right of entry case. If the Court finds that just compensation is not de minimis, then the plaintiff will depose defendant's witnesses within 180 days of the Court's ruling.

F. **Of Whom and by when the defendant anticipates taking oral depositions?**

If the Court finds that just compensation value is de minimis, then the parties stipulate, pursuant to Federal Rule of Civil Procedure 29(b), that depositions are unnecessary in this right of entry case. If the Court finds that just compensation is not de minimis, then the defendant will depose defendant's witnesses within 180 days of the Court's ruling.

G. **When the plaintiff (or the party with the burden of proof on an issue) will be able to designate experts and provide the reports required by Rule 26(a)(2)(B), and when the opposing party will be able to designate responsive experts and provide their reports?**

Defendants have the burden of proof, but if the Court finds that just compensation value is de minimis, then the parties stipulate pursuant to Federal Rule of Civil Procedure 29(b), that expert designations are unnecessary in this right of entry case. If the Court finds that just compensation is not de minimis, then the defendant will designate experts within 90 days of the Court's ruling.

H. **List expert depositions the plaintiff (or the party with the burden of proof on an issue) anticipates taking and their anticipated completion date. See Rule 26(a)(2)(B) (expert report)?**

If the Court finds that just compensation value is de minimis, then the parties stipulate, pursuant to Federal Rule of Civil Procedure 29(b), that expert depositions

are unnecessary in this right of entry case. If the Court finds that just compensation is not de minimis, then the plaintiff will depose experts within 180 days of the Court's ruling.

I. **List expert depositions the opposing party anticipates taking and their anticipated completion date. See Rule 26(a)(2)(B) (expert report)?**

If the Court finds that just compensation value is de minimis, then the parties stipulate, pursuant to Federal Rule of Civil Procedure 29(b), that expert depositions are unnecessary in this right of entry case. If the Court finds that just compensation is not de minimis, then the plaintiff will depose experts within 180 days of the Court's ruling.

11. **If the parties are not agreed on a part of the discovery plan, describe the separate views and proposals of each party.**

None.

12. **Specify the discovery beyond initial disclosures that has been undertaken to date.**

None.

13. **State the date the planned discovery can reasonably be completed.**

Not Applicable.

14. **Describe the possibilities for a prompt settlement or resolution of the case that were discussed in your Rule 26(f) meeting.**

The parties have been unable to resolve the case; however, both parties have agreed to continue exploring options for settling this matter prior to a trial on the merits.

15. **Describe what each party has done or agreed to do to bring about a prompt resolution.**

Prior to filing suit, Defendant was sent correspondence from the United States Army Corps of Engineers requesting written permission to temporarily access the Defendant's land for a period of twelve (12) months to conduct a survey, environmental assessment, appraisal, and related work to assess the Defendant's land for possible acquisition in support of U.S. Customs and Border Protection's construction of border infrastructure. A Right of Entry (ROE) and Site Assessment and exhibit map of the Defendant's land was included.

24 OCT 19: Mr. Dave Wivinus, Realty Specialist, St. Paul District, together with Agent Juan Lozano, Laredo Sector, made physical contact with Mr. Oscar Trevino (son of landowner) at his residence, who contacted his father, Mr. Armando Trevino (landowner)

via telephone (956-726-1638) to discuss the ROE. Mr. Armando Trevino stated he is not in favor of any ROE discussions and further stated; "If the Government wants my land, they'll have to come and buy it. I'm not signing anything."

Contact Notes from Jayci Nutt

| |
|---|
| 1/21/2020 – Called 956-726-1638 – spoke w/ Mr. Trevino. He confirmed address, telephone, and provied an email. He asked for AUSA Smith's info and I provided his main phone number. Mr. Trevino stated that he could meet any day after three o'clock. |
| 2/3/2020 AUSA Smith called Mr. Trevino and left a message at his office.<br>6/29/2020 AUSA Smith called Mr. Trevino and left a message at his office. |

Motion for Order of Immediate Possession and deposited the estimated just compensation of $100.00 into the Registry of the Court.

16. **List other motions pending.**

    None.

17. **Indicate other matters peculiar to this case, including discovery, that deserve the special attention of the court at the conference.**

    Discussion of just compensation.

18. **List the names, bar numbers, addresses, and telephone numbers of all counsel.**

    Counsel for Plaintiff:

    **JOHN A. SMITH III**
    Assistant United States Attorney
    Attorney-in-Charge
    Southern District of Texas No. 8638
    Texas Bar No. 18627450
    One Shoreline Plaza
    800 North Shoreline Blvd., Suite 500
    Corpus Christi, Texas 78401
    Telephone: (361) 888-3111
    Facsimile: (361) 888-3234
    E-mail: john.a.smith@usdoj.gov

    For Defendants:
    Armando Trevino, Trustee
    1320 East Lyon Street
    Laredo, TX  78040

| FOR DEFENDANTS: | Respectfully submitted<br>FOR PLAINTIFF: |
|---|---|
| *s/ Armando Trevino*   (by permission)<br>**ARMANDO TREVINO, TRUSTEE**<br>1320 East Lyon Street<br>Laredo, TX  78040 | **RYAN K. PATRICK**<br>United States Attorney<br>Southern District of Texas |

By:    *s/ John A. Smith III*
**JOHN A. SMITH III**
Assistant United States Attorney
Attorney-in-Charge
Southern District of Texas No. 8638
Texas Bar No. 18627450
One Shoreline Plaza
800 North Shoreline Blvd., Suite 500
Corpus Christi, Texas 78401
Telephone: (361) 888-3111
Facsimile: (361) 888-3234
E-mail: john.a.smith@usdoj.gov
Attorney in Charge for Plaintiff

### CERTIFICATE OF SERVICE

I hereby certify that on January 20, 2021, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system and sent a copy via email and/or mail to the following:

Armando Trevino, Trustee
Laredo, TX


*s/ John A. Smith III*
**JOHN A. SMITH III**